IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 17, 2021

**ESTATE OF L. FRANK SOUTHERLAND v. JOSHUA SOLLER ET AL.**

**Appeal from the Circuit Court for Hamblen County**
**No. 20CV85          Alex E. Pearson, Judge**
_____

**No. E2020-01558-COA-R3-CV**
_____

The notice of appeal filed by the appellant, Joshua Soller, stated that Mr. Soller was appealing the trial court's order entered on November 12, 2020.[1]  Because the order from which Mr. Soller has appealed is not a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; D. MICHAEL SWINEY, C.J.;  and KRISTI M. DAVIS, J.

Joshua Soller, Elizabethton, Tennessee, Pro Se.

William O. Foutch, Morristown, Tennessee, for the appellee, Estate of L. Frank Southerland.

**MEMORANDUM OPINION[2]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed Mr. Soller to show cause why this appeal should not be

---

[1] We note that Mr. Soller is mistaken about the date of entry of the order.  The order actually was entered on December 7, 2020.  Mr. Soller's mistake regarding the date of entry of the order does not impact in any manner our determination that this Court lacks jurisdiction to consider this appeal.

[2] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Mr. Soller filed no response to our show cause order.

The order appealed from does not appear to be a final appealable judgment because it reserves for further hearing issues relating to rent due and damages, and it grants the parties time to attempt to mediate. The order states that if the parties are unable to reach an agreement, a new trial date will be set.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). Inasmuch as the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Joshua Soller, for which execution may issue.

**PER CURIAM**